STATE OF CONNECTICUT *v.* VAN DORSEY
(AC 17343)

Foti, Spear and Sullivan, Js.

Argued January 11—officially released May 25, 1999

*Melvin A. Simon*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Kevin Murphy*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Van Dorsey, appeals from the judgment of conviction, rendered after a jury trial, of one count of risk of injury to a child in violation of General Statutes § 53-21. He claims that the trial court improperly (1) denied his request for production of the victim's therapy records, (2) precluded him from cross-examining the victim's mother regarding prior criminal complaints against the defendant and (3) precluded him from cross-examining the victim's mother regarding her employment. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. For approximately five days in September, 1992, the victim, a nine year old child, stayed at the home of the defendant's mother with the defendant and his two sons. The defendant was the boyfriend of the victim's mother and the father of the victim's two half-brothers. During this time, the defendant, his two sons and the victim slept together in a downstairs bedroom. In January, 1993, the victim reported that during the earlier visit, the defendant pulled down her pants and her underwear. He then put her on top of his lap and rubbed his genitals against her until he ejaculated. In August, 1993, the victim further reported that on the same night in September, 1992, while in bed with her two half-brothers, the defendant had removed his underwear, taken off her clothes, forced her to perform fellatio on him and ejaculated on her legs.

I

The defendant first claims that the trial court improperly denied his request for production of the victim's therapy records. We disagree.

"Pursuant to our [Supreme Court's] decisions in [*State* v. *Bruno*, 236 Conn. 514, 673 A.2d 1117 (1996)] and [*State* v. *Esposito*, 192 Conn. 166, 471 A.2d 949 (1984)], a defendant seeking access to privileged records that he believes contain information that would allow him to impeach a witness' ability to comprehend, know or correctly relate the truth, must make a preliminary showing that there is a reasonable ground to believe that the failure to produce the records would likely impair his right to impeach the witness." (Internal quotation marks omitted.) *State* v. *Castonguay*, 218 Conn. 486, 505, 590 A.2d 901 (1991).

In the present case, the defendant claims that a letter from the victim's therapist to the Bristol police department constituted a sufficient showing that there is a reasonable ground to believe that the failure to produce the records would likely impair his right to impeach the victim's testimony. The victim's therapist wrote, in part, that the victim "has recently disclosed to me that she was molested by this man on two occasions and has provided me with specific information about these events. I am working with [the victim] on the importance of being truthful and clear with all professionals who are attempting to help her." The defendant claims that this language clearly suggests inconsistencies in the reports of sexual assault made to the therapist and that the therapist believed that the victim's ability to tell the truth was at issue. The defendant claims that the trial court should have conducted an in camera voir dire of the therapist's records and should have granted the defendant an indefinite continuance in order to

effectuate service on the therapist. These claims are without merit.

The defendant failed to provide a sufficient factual basis from which the trial court could conclude that there was a reasonable ground to believe that the victim's records would reveal that at any pertinent time the mental unsoundness of the victim affected her ability to testify truthfully to a sufficient degree to warrant further inquiry. See *State* v. *D'Ambrosio*, 212 Conn. 50, 59, 561 A.2d 422 (1989), cert. denied, 493 U.S. 1063, 110 S. Ct. 880, 107 L. Ed. 2d 963 (1990).[1] He merely asserts that the victim's truth telling ability was at issue. As such, the trial court properly denied the defendant's request for production of the victim's therapy records.

## II

The defendant next claims that the trial court improperly refused to permit him to cross-examine the victim's mother regarding bias. We are unpersuaded.

The defendant sought to cross-examine the victim's mother regarding several complaints that she filed against the defendant where no arrests were made and no court action was taken. The trial court conducted an in camera review of those documents and determined that there was nothing relevant in any way to the present case. Accordingly, the trial court refused to turn over those documents to the defendant. The defendant claims that by refusing to turn over those documents, the trial court improperly precluded him from using them to cross-examine the victim's mother.

"The sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . .

---

[1] During oral argument, the defendant agreed that the trial counsel, during trial, conceded that the letter itself was insufficient to meet the threshold under *State* v. *Esposito*, supra, 192 Conn. 166.

The primary interest secured by confrontation is the right to cross-examination . . . and an important function of cross-examination is the exposure of a witness' motivation in testifying. . . . Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. . . . However, [t]he [c]onfrontation [c]lause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. . . . Thus, [t]he confrontation clause does not . . . suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination. . . . Only relevant evidence may be elicited through cross-examination. . . . The court determines whether the evidence sought on cross-examination is relevant by determining whether that evidence renders the existence of [other facts] either certain or more probable. . . . [Furthermore, the] trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. . . . [Finally, the] proffering party bears the burden of establishing the relevance of the offered testimony." (Citations omitted; internal quotation marks omitted.) *State* v. *Andrews*, 248 Conn. 1, 11–12, 726 A.2d 104 (1999). After a review of the record, briefs and exhibits, we conclude that the trial court did not abuse its discretion.

### III

The defendant next claims that the trial court improperly precluded him from cross-examining the victim's mother regarding her employment as an exotic dancer. On appeal, the defendant asserts that the victim could have learned about male anatomy from her mother's workplace. This claim was not raised in the trial court

and we therefore decline to review it. Practice Book § 60-5. We will, however, review the preclusion of cross-examination regarding employment as an exotic dancer.

The state made an oral motion in limine to preclude the defendant from questioning the victim's mother about her employment as an exotic dancer. The defendant claimed this subject area was relevant to explain injury to the victim's genitalia and to "de-bolster" the victim's mother after the state characterized her as a college student. The trial court granted the state's motion.

As we have noted, the proffering party bears the burden of establishing the relevance of the offered testimony. This the defendant failed to do. He simply speculated that the mother's job as an exotic dancer must somehow be related to the damage to the victim's hymen and that such a job necessarily adversely affects credibility. The trial court, therefore, did not abuse its discretion in precluding the defendant from cross-examining the victim's mother about her employment as an exotic dancer.

The judgment is affirmed.

In this opinion the other judges concurred.